IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL SHAHAN, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-24-00016-JD |
| ) | |
| TRACTOR SUPPLY COMPANY, ) | |
| a foreign corporation, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is Defendant Tractor Supply Company's ("Tractor Supply") Partial Motion to Dismiss ("Motion") [Doc. No. 7], which seeks dismissal of the third, fourth, and fifth causes of action in Plaintiff Michael Shahan's ("Shahan") petition [Doc. No. 1-1] for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[1] Shahan responded in opposition ("Response") [Doc. No. 12], and Tractor Supply replied [Doc. No. 14]. For the reasons stated below, the Court grants Tractor Supply's Motion to dismiss the third and fourth causes of action without prejudice and otherwise denies the Motion.

**I.    BACKGROUND**

On July 10, 2023, Shahan visited Tractor Supply's Purcell store to purchase a doghouse. Pet. [Doc. No. 1-1] ¶¶ 4–6, 9. After Shahan bought the heavy doghouse,

---

[1] Although Tractor Supply titled its motion "Defendant's Motion to Dismiss," the Court construes the Motion as a partial motion to dismiss because Tractor Supply does not challenge the first or second causes of action in Shahan's petition.

Tractor Supply employees asked Shahan to help load it into his truck. *Id.* ¶ 9. This request contravened Tractor Supply's written policy that prohibits Tractor Supply employees from asking customers to help load their purchases. *Id.* ¶ 11. While loading the doghouse, Shahan tripped and fell on a concealed cable at the store's entrance. *Id.* ¶¶ 8, 10. No Tractor Supply employee warned Shahan about the cable. *Id.* ¶ 12. As a result of his fall, Shahan alleges he suffered bodily injury and pain and suffering; he also alleges that he incurred medical expenses and lost wages. *Id.* ¶ 17.

Shahan filed this action against Tractor Supply in the District Court of McClain County, Oklahoma, seeking compensatory and punitive damages for claims of (1) negligence, (2) *respondeat superior* liability for the negligence of Tractor Supply's employees, (3) negligent hiring and supervision, and (4) negligent training.[2] Tractor Supply removed the action to this Court based on diversity of citizenship. Notice of Removal [Doc. No. 1] at 1.

---

[2] Shahan lists "Punitive Damages" as his fifth cause of action in the petition. Pet. [Doc. No. 1-1] at 5. However, in Oklahoma, "[a] plea for punitive damages is generally considered to be an element of recovery of the underlying cause of action; it does not constitute a separate cause of action." *Rodebush ex rel. Rodebush v. Okla. Nursing Homes, Ltd.*, 1993 OK 160, ¶ 21, 867 P.2d 1241, 1247. Although Tractor Supply's Motion challenges Shahan's "claimed entitlement to punitive damages" and seeks to dismiss the "fifth cause of action (punitive damages)," *see* Motion at 1–2, 12, a motion to dismiss tests the sufficiency of a claim, not the relief demanded. *See* Fed. R. Civ. P. 12(b)(6) (explaining that the motion may be directed at a "failure to state *a claim* upon which relief can be granted" (emphasis added)). "[B]ecause 'the prayer for relief is no part of the cause of action,'" the Court declines to address these arguments at this stage in the litigation and, to the extent necessary, denies the aspect of the Motion challenging the "fifth cause of action" as premature and improper under Rule 12(b)(6). *See Coll v. First Am. Title Ins. Co.*, 642 F.3d 876, 901 (10th Cir. 2011) (quoting *Daniels v. Thomas*, 225 F.2d 795, 797 (10th Cir. 1955)).

Tractor Supply moves to dismiss Shahan's claims of negligent hiring, supervision, and training with prejudice, arguing that the petition does not allege sufficient facts to state a claim. Motion at 2. Tractor Supply also argues that the case of *Jordan v. Cates*, 1997 OK 9, 935 P.2d 289, bars recovery on these claims since Tractor Supply has stipulated that its employees were acting within the scope of their employment. *Id.*

## II. <u>LEGAL STANDARD</u>

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Under this standard, the Court must "accept the well-pleaded facts alleged as true and view them in the light most favorable to the plaintiff." *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1275 (10th Cir. 2023). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and the Court must "draw on its judicial experience and common sense" to determine whether a complaint states a plausible claim for relief. *Iqbal*, 556 U.S. at 678–79. "In other words, dismissal under Rule 12(b)(6) is appropriate if the complaint alone is legally insufficient to state a claim." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104–05 (10th Cir. 2017).

### III.   ANALYSIS

In Oklahoma, an employer "may be held liable for negligence in hiring, supervising or retaining an employee. . . . if—at the critical time of the tortious incident—[] the employer had reason to believe that the person would create an undue risk of harm to others." *N.H. v. Presbyterian Church (U.S.A.)*, 1999 OK 88, ¶ 20, 998 P.2d 592, 600. "The critical element for recovery" in such cases "is the employer's prior knowledge of the servant's propensities to create the specific danger resulting in damage." *Id.* ¶ 21, 998 P.2d at 600. Oklahoma courts frequently consider negligent training claims alongside claims for negligent hiring, supervision, and retention; these courts impose the same scienter requirement for all of these claims. *E.g.*, *Brown v. Muldrow Pub. Schs.*, Case No. 120,934, 2024 OK CIV APP 20, ¶ 23, 2024 WL 4024661, at *6 (filed July 17, 2024; mandate issued Aug. 9, 2024) (explaining that a "claim for negligent supervision and training requires a showing that an employer met the . . . elements of negligence during the 'hiring, supervising, or retaining' of an employee," then reciting the elements from *Presbyterian Church* (citation omitted)). "In essence," when facing claims of negligent hiring, training, and supervision, "an employer may bear liability of an employee's unreasonable or injurious conduct upon a third party if said conduct was reasonably foreseeable." *Id.*

Tractor Supply argues that Shahan fails to state a claim because the petition "is devoid of a factual basis for this cause of action." Motion at 6. The Court agrees. The petition alleges that Tractor Supply breached its duty to hire, supervise, and train its employees "in a manner calculated to prevent harm to Plaintiff," thus causing Shahan

4

injury. Pet. [Doc. No. 1-1] ¶¶ 21–26. Such threadbare recitals of a cause of action are precisely what the *Iqbal* Court instructed are insufficient to state a claim under Rule 12(b)(6). Specifically, Shahan's petition fails to allege any facts that would allow the Court to infer that Tractor Supply had any reason to believe its employee[s] "would create an undue risk of harm to others." *Presbyterian Church (U.S.A.)*, 1999 OK 88, ¶ 20, 998 P.2d at 600. Accordingly, the Court dismisses Shahan's claims of negligent hiring, training, and supervision.[3]

In his response, Shahan requests dismissal without prejudice to allow for amendment if the Court dismisses these claims. Response at 7. Federal Rule of Civil Procedure 15(a)(2) instructs that "[t]he court should freely give leave" to amend pleadings "when justice so requires." Where the party has "expressed a willingness to amend," and "'if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.'" *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994) (quoting 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1483, at 587 (2d ed. 1990)). Here, because the deficiencies in Shahan's complaint are potentially curable, the Motion was directed at a petition drafted under state (versus federal) pleading standards in this removed action, and Shahan seeks the ability to amend his pleading, the Court dismisses these claims without prejudice. Should Shahan wish to amend his

---

[3] Because it dismisses these claims for insufficiency of the pleadings, the Court does not address Tractor Supply's alternate argument for dismissal under *Jordan v. Cates*, 1997 OK 9, 935 P.2d 289.

complaint, he must follow the Federal and Local Civil Rules of Procedure. *Cf.* LCvR7.1(c) ("A response to a motion may not also include a motion or a cross-motion made by the responding party."); *see also* LCvR15.1 (explaining that a party moving to amend a pleading under Federal Rule of Civil Procedure 15 "must attached the proposed pleading as an exhibit to the motion").[4]

## IV.  CONCLUSION

For these reasons, the Court GRANTS Tractor Supply's Partial Motion to Dismiss [Doc. No. 7] for causes of action three and four. It is otherwise denied. Shahan's claims for negligent hiring, training, and supervision are dismissed without prejudice to his right to move to amend his complaint.

IT IS SO ORDERED this 16th day of September 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[4] Before filing any motion for leave to amend, the Court requires the parties to confer to determine if they can resolve any disputes and to avoid further motion practice on the issues.